The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Tamara R. Nance and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for modification of Finding of Fact Number 10, Conclusion of Law Number 3, and Paragraph 4 of the Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant.
3. Defendant is a qualified self-insurer.
The parties also stipulated to two wage charts, the recorded statement, and records from Dr. Todd Chapman.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 44 year old married male who has been employed by defendant for over 8 years as a coater operator. Defendant is in the business of manufacturing fabric for furniture and automobiles. Prior to going to work for defendant, plaintiff worked for 17 years on the assembly line for Century Furniture Company.
2. Plaintiff has a 10 to 15 year history of chronic, intermittent back problems. He associates the onset of his back problems with an injury which occurred at work for defendant in 1986. Prior to 1992 plaintiff missed some work on account of his back but was never out for significant periods of time due to low back complaints.
3. Plaintiff's job with defendant as a coater operator involved frequent bending and very heavy lifting. Over the years performing his job aggravated his back and plaintiff frequently complained to his supervisor. Comments made to the plaintiff by his supervisor to the effect that if he couldn't do his job they would get someone who could, while perhaps made in jest, caused plaintiff to fear for his job should he report a workers' compensation injury.
4. On 23 October 1992 plaintiff sustained an injury to his back arising out of and in the course of his employment with defendant as the result of a specific traumatic incident of the work assigned when he felt a sharp stabbing pain in his low back when doffing a heavy roll of cloth. This injury was witnessed by co-employee Steve Dellinger and was reported to supervisor Jeff Campbell. Because he felt his job was in jeopardy, plaintiff did not tell the doctors that subsequently treated him for this injury that it should be filed under workers' compensation.
5. As a result of the injury of 23 October 1992 plaintiff sustained a herniated disc at L3-4 and underwent surgery for that condition by Dr. Jones in December 1992. Shortly following the surgery plaintiff experienced the recurrence of low back and right leg pain as well as the onset of left leg pain. However, because he needed the money plaintiff asked Dr. Jones to release him to return to work in March 1993. Plaintiff returned to work on 17 March 1993 with a restriction of no lifting over 20 pounds. As a result of the injury of 23 October 1992 plaintiff was unable to earn the same wages he was earning at the time of the injury in the same or any other employment from 6 November 1992 to 17 March 1993.
6. Plaintiff worked continuously from 17 March 1993 to 10 November 1993, at which time he sustained another injury to his back arising out of and in the course of his employment with defendant as a result of a specific traumatic incident while moving a heavy roll of cloth with a co-employee.
7. Following this second injury plaintiff came under the care of Dr. Kelly, who performed a lumbar laminectomy in January 1994 after extensive testing revealed significant degenerative disc disease. During surgery Dr. Kelly noted scar tissue from the first surgery which was causing plaintiff's leg pain.
8. Plaintiff's injury of 10 November 1993 aggravated his degenerative disc disease such that he required a second surgery and was unable to earn the same wages he was earning at the time of the injury in the same or any other employment, from 10 November 1993 to 21 March 1994, at which time plaintiff returned to work with a 30 pound lifting restriction.
9. As a result of the injury of 23 October 1992 plaintiff retains a 15 percent permanent disability to his back.
10. As a result of the injury of 10 November 1993 plaintiff retains a 10 percent permanent disability to his back.
11. Plaintiff's average weekly wage for the injury occurring on 23 October 1992 is $399.80.
12. Plaintiff's average weekly wage for the injury occurring on 10 November 1993 is $419.79.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 23 October 1992 and 10 November 1993 plaintiff sustained injuries by accident arising out of and in the course of his employment with defendant as a result of specific traumatic incidents of the work assigned. N.C. Gen. Stat. § 97-2 (6).
2. As a result of the above-described compensable injuries, plaintiff was temporarily and totally disabled from 6 November 1992 to 17 March 1993, and again from 10 November 1993 to 21 March 1994. N.C. Gen. Stat. § 97-29.
3. As a result of the above-described compensable injuries, plaintiff retains a 25 percent permanent disability to his back which entitles him to benefits under N.C. Gen. Stat. § 97-31 (23) for a period of 75 weeks.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability benefits for the period from 6 November 1992 to 17 March 1993 at the rate of $266.66 per week. This compensation has accrued and shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
2. Defendant shall pay plaintiff temporary total disability benefits for the period from 10 November 1993 to 21 March 1994 at the rate of $279.99 per week. This compensation has accrued and shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
3. Defendant shall pay plaintiff permanent partial disability benefits at the rate of $266.66 per week for a period of 45 weeks. This compensation shall be paid in a lump sum, subject to the attorney fee hereinafter approved.
4. Defendant shall pay plaintiff permanent partial disability benefits at the rate of $279.99 per week for a period of 30 weeks. This compensation shall be paid in a lump sum, subject to the attorney fee hereinafter approved.
5. Defendant shall pay the costs.
6. Defendant shall pay all medical expenses incurred by plaintiff for treatment of the involved injuries.
7. Defendant shall pay an expert witness fee of $275.00 to Dr. Kelly, $250.00 to Dr. Winfield, and $145.83 to Dr. Jones, to the extent that these fees have not already been paid.
8. Plaintiff's attorney is entitled to a fee of 25 percent of the compensation awarded herein, which amount shall be deducted from the sum due plaintiff and paid directly to Mr. Duncan.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp